472

KARL S. LOWENTHAL and Others, Plaintiffs, *v.* HARRY BLOCK and Others, Defendants.

City Court of New York, Trial Term. New York County. June 4, 1940.

*April & Eisenrod,* for the plaintiffs.

*Blumberg & Kleeblatt,* for the defendants.

COLEMAN, J.   This is a suit by a trustee in bankruptcy to recover a balance due for merchandise sold by the bankrupt to the defendants.   The total amount due was $5,500.86, of which $2,629.56 was paid, leaving a balance of $2,871.30, to recover which this action was brought.   Against this amount the defendants attempt to set off the sum of $2,619.83, representing payments made by them to merchandise creditors of the bankrupt whose obligations to these creditors they had guaranteed.   If the setoff is allowed the trustee is entitled to judgment in the sum of $251.47.   It is his contention that in the circumstances here there can be no setoff.   (Bankruptcy Act, § 68, subd. b, cl. 2; U. S. Code, tit. 11, § 108, subd. b, cl. 2.) Those circumstances are that on September 19, 1938, the bankrupt made an assignment for the benefit of creditors.   Immediately

thereafter the defendants made the payments in question and which they seek to use as a setoff. An adjudication of bankruptcy followed within four months from the assignment.

Neither side questions the fact that but for the intervention of insolvency the payments made by the defendants could be setoff as in any case of a mutual account. The trustee's contention is that the defendants, faced with the necessity of making. good on their guaranties, withheld payment of their own indebtedness to the bankrupt in an attempt to discharge those guaranties by the use of funds due the bankrupt. He refers to the speed and the apparent irregularity in manner of payment in support of his position to set these payments off as against their own direct obligations.

The statute provides that " A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which   *   *   * (2) Was purchased by or transferred to him after the filing of the petition or within four months before such filing, with a view to such 'use and with knowledge or notice that such bankrupt was insolvent or had committed an act of bankruptcy." (Bankruptcy Act, § 68; U. S. Code, tit. 11, § 108, subd. b.)

Of course, the defendants had knowledge that the bankrupt had committed an act of insolvency. But was the setoff " purchased by or transferred to " them " with a view " to its use as a setoff? It seems to me that there is no ground for saying that the claims were so " purchased." What situations the statute was intended to cover appear clearly from *Western Tie & Timber Co.* v. *Brown* (196 U. S. 502, 510) and *Continental & Commercial Trust & Savings Bank* v. *Chicago Title & Trust Co.* (229 id. 435), the latter being the obverse of the former. Obviously one cannot reduce one's own indebtedness to a bankrupt by buying up the claims of creditors of the bankrupt and interposing them to his own debt. But this was not the situation here. The defendants were bound to pay the other creditors of the bankrupt the amounts for which they had given their own guaranties; those obligations had already matured. They may have hastened and probably did hasten payments so as to be in a more certain position to set off the amounts paid or, perhaps, to maintain their own credit and standing as merchants. But neither circumstance can affect the result. The situation here is entirely analogous to that in *Gerseta Corporation* v. *Equitable Trust Co.* (241 N. Y. 418). The bank's position there could be likened to that of the merchandise creditors here to whom the defendants had paid as they had undertaken to do; the plaintiff there was in the position of the defendant here, it having paid to the bank as it was obliged to do, reducing the trading company's indebtedness to the bank thereby; and the trading company in the position of the

trustee in bankruptcy here. The plaintiff there was held to be subrogated to the claim of the bank against the trading company on grounds which should prevail here, although, to be sure, the Bankruptcy Act was not in question.

The result would be plain but for certain expressions of the court in *National Bank of Newport* v. *National County Bank* (225 U. S. 178), relied upon by the plaintiff. The case is inapposite, for the precise question was not whether the indorser of a bankrupt's note upon taking up the note at a bank which had discounted it was entitled to set off the amount as against his own indebtedness to the bankrupt but whether the bank itself by the transaction had received a preferential payment. The court's decision was in favor of the bank. In the course of its opinion the court referred to the right of setoff in the indorser, and, quoting from the opinion of the Circuit Court of Appeals, stated that " in the circumstances disclosed " the indorser's debt was not subject to setoff and could still be collected by the trustee. The dominant circumstance was that the indorser had taken up the note before maturity (p. 182). The holding of the Supreme Court would be pertinent here if the defendants had discharged their obligations on the guaranties before those obligations had matured. In such a case they would be attempting to subrogate themselves to the rights of other creditors only for the purpose of using those claims as " a setoff or a counterclaim;" they would indeed be purchasing those claims " with a view to such use." (Cf. *Western Tie & Timber Co.* v. *Brown, supra,* p. 510.) There is no reason to believe that the case here is other than that of *bona fide* guaranties made in the regular course of business which the defendants regularly discharged when they were required to do so.

The position of the coplaintiffs is no better than that of the trustee.

There will be judgment for the plaintiffs against the defendants in the sum of $251.47.